**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ANTHONY S. Park, Individually on behalf of himself and all others similarly situated,** <br>         **Plaintiffs** <br>         **v.** <br><br> **THE THOMSON CORP. AND THOMSON LEGAL AND REGULATORY, INC..** <br>         **Defendants** | Case No. <br> 05 Civ. 2931 (WHP) <br><br> **SUPPLEMENTAL OBJECTION TO CLASS ACTION SETTLEMENT** |

### SUPPLEMENTAL OBJECTION TO CLASS ACTION SETTLEMENT

Having just received a copy of the Pisarkiewicz Declaration on May 15, 2008, Objectors George Schneider, Jonathan M. Slomba, and James Puntumapanitch hereby submit the following supplemental objections to the proposed Settlement.

1. Attorney Katriel implied at the April 1, 2008 fairness hearing that the range of damages identified by Dr. Pisarkiewicz was actually a statement of projected treble damages. In fact, the range of $540-$800 in damages identified by Dr. Pisarkiewicz in his Declaration is his best estimate of *single* damages caused to Named Plaintiff Anthony Park, who paid $1875 for his New York State Bar/Bri course. That is made clear by an examination of pages 20-21 of his Declaration. It is evident from the way in which Dr. Pisarkiewicz calculated the

damages that he did not treble them. The stated damages correspond to overcharge percentages of between 28.8 percent and 42.7 percent of the price paid for the course.[1]

2.  If Mr. Park's minimum single damages are $540, this means that his maximum settlement recovery of $40 represents only 7.4% of his estimated single damages (not 22.5 %, as stated by Mr. Katriel at the fairness hearing). This means that the proposed settlement is reasonable only if Mr. Park's claims have a less than 7% chance of success on the merits. *See Synfuel Tech., Inc. v. DHL Express, Inc.*, 463 F.3d 646, 653 (7th Cir. 2006):

> The "most important factor relevant to the fairness of a class action settlement" is the first one listed: "the strength of plaintiff's case on the merits balanced against the amount offered in the settlement."… In conducting this analysis, the district court should begin by "quantify[ing] the net expected value of continued litigation to the class." *Reynolds*, 288 F.3d at 284–85.

---

[1] Counsel for the Objectors has agreed to abide by the Confidentiality Order entered in this case, and therefore this Supplemental Objection refers only to information that has already been disclosed in the public record of this case. Even if Mr. Katriel had not disclosed Dr. Pisarkiewicz' estimate of damages at the fairness hearing, those figures would have had to become public in any event, as the Court will undoubtedly need to refer to them in its statement of reasons for granting or denying approval to the Settlement.

2

3.  Additionally, Dr. Pisarkiewicz' damages estimate completely undermines the parties' rationale for the cap on recovery. Since the Second Circuit indisputably permits recovery of up to three times actual damages in an antitrust settlement, see *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 434 (2d Cir. 2007), the cap in this case should be no lower than $1620, based upon Plaintiff's own figures. While the Defendant has expressed concern about the possibility that class members could receive a full refund of the price they paid for their courses, were Mr. Park to go to trial and prevail, he could receive as much as $2400 (3 x $800), $525 more than he paid for his course.

>
> Respectfully submitted,
> George Schneider, Jonathan M. Slomba, & James Puntumapanitch,
> By their attorneys,
>
> _____
> David Stein
> Stein Law Firm
> 38 West 32nd St., Suite 1210
> New York, New York  10001
> (212) 563-9884
> Fax (212) 563-9870
> dstein@stein-firm.com
>
> John J. Pentz, Esq.
> (*pro hac vice*)
> Class Action Fairness Group
> 2 Clock Tower Place, Ste 260G
> Maynard, MA  01754
> Phone: (978) 461-1548
> Fax: (707) 276-2925
> Clasaxn@earthlink.net

3

4

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that the foregoing document was served via the ECF system of the United States District Court for the Southern District of New York on May 19, 2008 upon the following counsel:

Roy A. Katriel, Esq.
The Katriel Law Firm
1101 30th Street, NW
Suite 500
Washington, DC  20007

James P. Tallon, Esq.
Shearman & Sterling LLP
599 Lexington Ave.
New York, NY  10022

David Stein